**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:16-cv-11243 |
| KING OF SOFTWARE, INC., an Illinois corporation; and JOHN H. ABRAHAMIAN, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

### Complaint

Microsoft Corporation ("Microsoft") brings this action against Defendants King of Software, Inc., an Illinois corporation, and John H. Abrahamian, an individual (collectively "Defendants") alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

### The Parties

1.     Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2.     Upon information and belief, defendant King of Software, Inc. is an Illinois corporation that does business on the Internet and in locations including Niles, Illinois. King of Software, Inc. is engaged in the business of advertising, marketing, copying, offering, and

distributing computer hardware and software, including purported Microsoft software and related components.

3.      Upon information and belief, defendant John H. Abrahamian, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls King of Software, Inc.  Upon information and belief, John H. Abrahamian resides and transacts substantial business in this district.  Upon information and belief, John H. Abrahamian (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

**Jurisdiction**

4.      This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**Venue**

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the Northern District of Illinois, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the Northern District of Illinois.

**Facts Common To All Claims**

7.      Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  Depending on the version, Microsoft's software programs are

129768067.2

distributed recorded on discs, made available by Microsoft for download, or made available by Microsoft for pre-installation. Microsoft software programs are distributed together with associated proprietary materials such as packaging, user's guides, user's manuals, end user license agreements, Certificates of Authenticity, product keys and other components.

8.      Microsoft Office 2013 ("Office 2013") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2013, bearing the number TX 7-649-882, is attached hereto as Exhibit 1 and is incorporated by reference. Office 2013 includes the following popular Microsoft software programs:

A.      Access 2013:  Microsoft Access 2013 is a program that allows users to create and manipulate databases and store data. Microsoft holds a valid copyright in Microsoft Access 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2013, bearing the number TX 7-751-913, is attached hereto as Exhibit 2 and is incorporated by reference.

B.      Excel 2013:  Microsoft Excel 2013 is a program that allows users to create spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2013, bearing the number TX 7-751-917, is attached hereto as Exhibit 3 and is incorporated by reference.

C.      OneNote 2013:  Microsoft OneNote 2013 is a program that allows users to organize text, audio, video and notes in one spot. Microsoft holds a valid copyright in OneNote

2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft OneNote 2013, bearing the number TX 7-751-910, is attached hereto as Exhibit 4 and is incorporated by reference.

        D.     Outlook 2013: Microsoft Office Outlook 2013 is a program that allows users and networked teams to create and manage calendars and contacts. Microsoft holds a valid copyright in Microsoft Office Outlook 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Office Outlook 2013, bearing the number TX 7-700-066, is attached hereto as Exhibit 5 and is incorporated by reference.

        E.     PowerPoint 2013: Microsoft PowerPoint 2013 is a program that allows users to create, organize, and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2013, bearing the number TX 7-751-911, is attached hereto as Exhibit 6 and is incorporated by reference.

        F.     Publisher 2013: Microsoft Publisher 2013 is a program that allows users to create, customize, and publish materials such as newsletters. Microsoft holds a valid copyright in Microsoft Publisher 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2013, bearing the number TX 7-674-731, is attached hereto as Exhibit 7 and is incorporated by reference.

        G.     Word 2013: Microsoft Word 2013 is a program that allows users to create and edit documents. Microsoft holds a valid copyright in Microsoft Word 2013 that was duly and

- 4 -

properly registered with the United States Copyright Office.  A true and correct copy of the

Copyright Registration Certificate for Microsoft Word 2013, bearing the number TX 7-674-730,

is attached hereto as Exhibit 8 and is incorporated by reference.

       9.      Microsoft has also duly and properly registered a number of trademarks and a

service mark in the United States Patent and Trademark Office on the Principal Register,

including, but not limited to:

      A.      "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

      B.      "MICROSOFT OFFICE,"  Trademark Registration No. 3,625,391;

      C.      OFFICE 2012 DESIGN WITH TITLE, Trademark Registration No. 4,456,462;

      D.      OFFICE 2012 DESIGN, Trademark Registration No.4,459,826;

      E.      "ACCESS," Trademark Registration No. 3,238,869;

      F.      ACCESS LAUNCH ICON, Trademark Registration No. 4,365,955;

      G.      "EXCEL," Trademark Registration No. 2,942,050;

      H.      EXCEL LAUNCH ICON, Trademark Registration No. 4,355,451;

      I.      "ONENOTE," Trademark Registration No. 2,844,710;

      J.      ONENOTE LAUNCH ICON, Trademark Registration No. 4,351,584;

      K.      "OUTLOOK," Trademark Registration No. 2,188,125;

      L.      OUTLOOK LAUNCH ICON, Trademark Registration No. 4,355,446;

      M.      "POWERPOINT," Trademark Registration No. 1,475,795;

      N.      POWERPOINT LAUNCH ICON, Trademark Registration No. 4,385,388;

- 5 -

O.     PUBLISHER LAUNCH ICON, Trademark Registration No. 4,355,448; and

P.     WORD LAUNCH ICON, Trademark Registration No. 4,355,444;

True and correct copies of the Trademark Registrations for A through P above are attached hereto as Exhibits 9 through 24, respectively, and are incorporated by reference.

**Defendants' Infringement**

10.     Defendants advertised, marketed, copied, offered, and/or distributed unauthorized copies of Microsoft software and/or components after Microsoft notified them of the consequences of infringing Microsoft's copyrights, trademarks and/or service mark.

11.     On information and belief, Defendants advertise, market, copy, offer, and/or distribute purported Microsoft software and components. In their website advertisements, Defendants use copies of Microsoft's trademarks and copyrighted works without authorization, misappropriating and/or infringing Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark. Additionally, Defendants indicate that they are distributing genuine Microsoft software and components. However, the Microsoft software and components distributed by Defendants are actually unauthorized and infringing.

12.     By letter dated May 11, 2012, Microsoft warned Defendants about distributing counterfeit Microsoft software or components.

13.     Nevertheless, in or about December 2015, Defendants distributed to an investigator a package bearing Microsoft trademarks and containing a key card, similar in shape and size to a credit card, indicating that it was to be used to download or activate a copy of Office 2013 (an "Office 2013 Key Card"). It was analyzed and determined to be counterfeit.

14.     In or about October 2016, Defendants distributed to an investigator purported Office 2013 software and related components, which were also analyzed and determined to be counterfeit.

15.     On information and belief, these are not isolated incidents.  Rather, Defendants have been and continue to be involved in advertising, marketing, copying, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and related components on other occasions.

16.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft.  On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service mark.

17.     On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright-protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

## First Claim

## [Copyright Infringement – 17 U.S.C. § 501, et seq.]

### Against All Defendants

18.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     Microsoft is the sole owner of Microsoft Office 2013, Word 2013, Excel 2013, PowerPoint 2013, OneNote 2013, Outlook 2013, Publisher 2013, and Access 2013, and of the corresponding copyrights and Certificates of Registration.

20. Defendants have infringed the copyrights in Microsoft's software and/or components, including but not limited to Microsoft Office 2013, Word 2013, Excel 2013, PowerPoint 2013, OneNote 2013, Outlook 2013, Publisher 2013, and Access 2013, by advertising, marketing, copying, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

21. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

22. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

23. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

25. Microsoft is also entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505.

- 8 -

129768067.2

**Second Claim**

**[Trademark Infringement – 15 U.S.C. § 1114]**

**Against All Defendants**

26.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114(1).

28.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

29.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

30.     The infringing materials that Defendants have and are continuing to advertise, market, copy, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

31.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, copying, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

32.     Upon information and belief, Defendants advertised, marketed, copied, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

33.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

34.     Defendants had reason to be aware of infringement of Microsoft's federally registered trademarks and service mark and caused, induced, or materially contributed to it.

35.     As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

36.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

37.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, copied, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if

129768067.2

Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

38.     Microsoft is also entitled to recover its attorneys' fees and costs of suit under 15 U.S.C. § 1117.

## Third Claim

### [False Designation Of Origin, False Description And Representation –

### 15 U.S.C. § 1125 et seq.]

### Against All Defendants

39.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40.     Because Microsoft advertises, markets, distributes, and licenses its software and components under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software and components are distinguished from those of others in the same field or related fields.

41.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify software, components, or services of Microsoft.

42.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

- 11 -

43. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

44. Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, copied, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Act, set forth at 15 U.S.C. § 1125(a).

45. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

46. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, copied, offered or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, copying, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Fourth Claim

## [Violation of 815 ILCS 505/1, et seq.]

### Against All Defendants

47.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48.     The acts, practices and conduct of Defendants, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, et seq., in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software and/or components used, offered, advertised, marketed, copied, and/or distributed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

49.     As a direct and proximate result of Defendants' acts, practices and conduct, as alleged, Microsoft has been and will likely continue to be injured and damaged.

50.     Defendants' acts, practices and conduct, as alleged, have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Fifth Claim

## [Violation of 815 ILCS 510/1, et seq.]

### Against All Defendants

51.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52.     The acts, practices and conduct of Defendants as alleged above in this Complaint are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the items Defendants use, offer, advertise, market, copy, and/or distribute in

violation of 815 ILCS 510/1, et seq.

53.     Defendants' acts, practices and conduct, as alleged, have caused and are likely to continue to cause injury and damage to Microsoft.

## Sixth Claim

## [Illinois Common Law Unfair Competition]

## Against All Defendants

54.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 53, inclusive.

55.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Illinois.

56.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Seventh Claim

## [For Imposition Of A Constructive Trust Upon Illegal Profits]

## Against All Defendants

57.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

59.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

129768067.2

60. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

61. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

**Eighth Claim**

**[Accounting]**

**Against All Defendants**

62. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61, inclusive.

63. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

64. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

65. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, copied, offered or distributed by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

(1)     TX 7-649-882 ("Office 2013");

(2)       TX 7-674-730 ("Word 2013");

(3)       TX 7-751-917 ("Excel 2013");

(4)       TX 7-751-911 ("PowerPoint 2013");

(5)       TX 7-751-910 ("OneNote 2013");

(6)       TX 7-700-066 ("Outlook 2013");

(7)       TX 7-674-731 ("Publisher 2013"); and

(8)       TX 7-751-913 ("Access 2013");

(b)       that Defendants have infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1)       1,200,236 ("MICROSOFT");

(2)       3,625,391 ("MICROSOFT OFFICE");

(3)       4,456,462 (OFFICE 2012 DESIGN WITH TITLE);

(4)       4,459,826 (OFFICE 2012 DESIGN);

(5)       3,238,869 ("ACCESS");

(6)       4,365,955 (ACCESS LAUNCH ICON);

(7)       2,942,050 ("EXCEL");

(8)       4,355,451 (EXCEL LAUNCH ICON);

(9)       2,844,710 ("ONENOTE");

(10)     4,351,584 (ONENOTE LAUNCH ICON);

(11)     2,188,125 ("OUTLOOK");

(12)     4,355,446 (OUTLOOK LAUNCH ICON);

(13)     1,475,795 ("POWERPOINT");

(14)     4,385,388 (POWERPOINT LAUNCH  ICON);

- 16 -

        (15)     4,355,448 (PUBLISHER LAUNCH ICON); and

        (16)     4,355,444 (WORD LAUNCH ICON);

    (c)     that the infringement described in 1(a) and 1(b) was committed, at a minimum, with willful blindness and/or reckless disregard;

    (d)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

    (e)     that Defendants have violated 815 ILCS 505/1, et seq., 815 ILCS 510/1, et seq., and engaged in unfair competition in violation of Illinois common law; and

    (f)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

  (2)    That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    (a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by the following copyright Certificate Registration Nos.:

        (1)     TX 7-649-882 ("Office 2013");

        (2)     TX 7-674-730 ("Word 2013");

        (3)     TX 7-751-917 ("Excel 2013");

        (4)     TX 7-751-911 ("PowerPoint 2013");

(5)     TX 7-751-910 ("OneNote 2013");

(6)     TX 7-700-066 ("Outlook 2013");

(7)     TX 7-674-731 ("Publisher 2013"); and

(8)     TX 7-751-913 ("Access 2013");

or the software programs, components and/or items protected by Microsoft's registered

trademarks and service mark, including, but not limited to, the following Trademark Registration

Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     3,625,391 ("MICROSOFT OFFICE");

(3)     4,456,462 (OFFICE 2012 DESIGN WITH TITLE);

(4)     4,459,826 (OFFICE 2012 DESIGN);

(5)     3,238,869 ("ACCESS");

(6)     4,365,955 (ACCESS LAUNCH ICON);

(7)     2,942,050 ("EXCEL");

(8)     4,355,451 (EXCEL LAUNCH ICON);

(9)     2,844,710 ("ONENOTE");

(10)    4,351,584 (ONENOTE LAUNCH ICON);

(11)    2,188,125 ("OUTLOOK");

(12)    4,355,446 (OUTLOOK LAUNCH ICON);and

(13)    1,475,795 ("POWERPOINT");

(14)    4,385,388 (POWERPOINT LAUNCH  ICON);

(15)    4,355,448 (PUBLISHER LAUNCH ICON); and

(16)    4,355,444 (WORD LAUNCH ICON);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d)     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

129768067.2

(e)　　engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(f)　　assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3)　　That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that are in Defendants' possession or under their control;

(4)　　That the Court enter an order that Defendants' websites and/or the corresponding domain names, or any subset of these domain names specified by Plaintiff, be disabled by the appropriate domain name registries, and/or the registrars holding or listing one or more of the domain names of the websites;

(5)　　That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(6)　　That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

129768067.2

       (a)     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

       (b)     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

       (c)     Microsoft's damages and Defendants' profits pursuant to 815 ILCS 505/1, et seq. and Illinois common law.

     (7)     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

     (8)     That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated:  December 9, 2016

Respectfully submitted,


By: /s/ Audra M. Mori

Audra M. Mori (CA Bar No. 162850,
Admitted in the N.D. Ill.)
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
T: (310)788-9900
F: (310)788-3399
amori@perkinscoie.com

Jeremy L. Buxbaum (No. 6296010)
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
T: (312)324-8400
F: (312)324-9400
jbuxbaum@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF
MICROSOFT CORPORATION**

129768067.2